# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Ray Barnett,<br><br>    Plaintiff,<br><br>        v.<br><br>Pinal County Administration, et al.,<br><br>    Defendants. | CV 04-1205-PHX-FJM (HCE)<br><br>**REPORT & RECOMMENDATION** |

      Plaintiff who is an inmate confined at the Arizona State Prison Complex in Douglas, Arizona, has filed the instant *pro se* action pursuant to 42 U.S.C. § 1983. For the following reasons, the Magistrate Judge recommends that the District Court dismiss this action.

## I.  FACTUAL & PROCEDURAL BACKGROUND

      A complaint is deemed filed when handed by the inmate to a prison official for mailing. *See Houston v. Lack,* 487 U.S. 266, 270-271 (1988). Plaintiff signed his complaint on May 17, 2004. The docket reflects that the complaint was filed with the Court on June 10, 2004. The Court deems the complaint commencing this action as filed on May 17, 2004. *See id.*

      Plaintiff also subsequently filed a Motion to Proceed *in forma pauperis.* On

1

December 10, 2004, the Court granted Plaintiff's Motion to proceed *in forma pauperis* but dismissed Plaintiff's Complaint with leave to amend "to show what constitutional rights he has been deprived of, how the conduct of proper defendants deprived him of said rights, and what injury, if any, he has suffered as a result of the activities of defendants."  (December 10, 2004 Order, p.4)

On February 9, 2005, Plaintiff filed his First Amended Complaint. Plaintiff alleges, *inter alia,* that Defendants violated his constitutional rights by retaliating against inmates who filed grievances and complaints; beating Plaintiff and leaving doors open to allow adult inmates to enter the area where Plaintiff was housed as a minor; and using excessive force by leaving Plaintiff face down on the floor with his hands and feet cuffed for ten hours because Plaintiff complained about jail staff.  Plaintiff's claims concern events that occurred while he was incarcerated at the old Pinal County Jail[1] from 1983 to 1996 (Amended Complaint, p.7)

On February 15, 2006, the Court entered an Order directing Plaintiff to show good cause why this action should not be dismissed for failure to meet the statute of limitations given that the record suggested that Plaintiff's claims arose over eight years ago. Plaintiff timely filed his Response to the Order to Show Cause.

## II.  DISCUSSION

Plaintiff asserts that he was subjected to unconstitutional conditions of confinement while incarcerated in the old Pinal County Jail from 1982 to 1983 and 1986 to 1996.  (*See* Amended Complaint, p.7; Plaintiff's Response to Court Order, p. 2)  Thus, at the time of filing this action, Plaintiff's most recent claims are approximately eight years old, while his earliest claims are approximately twenty-one years old.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an *in forma pauperis* case, at any time, if the plaintiff fails to state a claim upon which relief may be

---

[1]The facility which is now commonly-referred to as the "old" Pinal County Jail was officially closed in 1996 resulting in the relocation of inmates housed there at the time.

granted. Failure to state a claim includes circumstances where a defense, such as expiration of the statute of limitations, is complete and obvious from the face of the pleadings. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984) (applying former section 1915(d) which is now codified at 28 U.S.C. § 1915(e)(2)(B)). In the absence of waiver, the Court may raise the defense of statute of limitations *sua sponte*. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993), *cert. denied*, 510 U.S. 1093 (1994). *See also Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 956 (4th Cir. 1995) (*en banc*) (same), *cert. denied*, 516 U.S. 1177 (1996); *Pino v. Ryan*, 49 F.3d 51, 53 (2nd Cir. 1995) (same); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (same); *Johnson v. Rodriguez*, 943 F.2d 104, 107-08 (1st Cir. 1991) (same), *cert. denied*, 502 U.S. 1063 (1992).

In section 1983 actions, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 266, 274-76 (1985), *superseded by statute on other grounds,* 28 U.S.C. § 1658, *as recognized in Pony v. County of Los Angeles,* 433 F.3d 1138, 1145 (9th Cir.), *cert. denied sub. nom. Mitchell v. Los Angeles County, Cal.,* __ U.S. __, 126 S.Ct. 2864 (2006); *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1998). The Arizona statute of limitations for personal injury actions is two years. *See* A.R.S. § 12-542(1); *TwoRivers*, 174 F.3d at 991 ("In Arizona, the courts apply a two-year statute of limitations to section 1983 claims.")

While state law determines the period of limitations, federal law determines when a cause of action arises. *TwoRivers*, 174 F.3d at 991. Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.*

Additionally, "[i]n actions like this one, where the federal courts borrow the state statute of limitations, we also borrow the forum state's tolling rules." *Id.* at 992 (citations omitted). Although Arizona law previously provided a tolling provision for prisoners'

3

causes of action, that provision was repealed effective July 20, 1996.[2] *Id.* at 990 (citing former A.R.S. §12-502(B)).

Plaintiff states that he was incarcerated at the old Pinal County Jail while he was a minor from October 27, 1982 to March 24, 1983 and that he was incarcerated for 178 days as an adult between January 5, 1986 and March 25, 1996. Plaintiff commenced this action on May 17, 2004.

To prevent a statute of limitations bar, Plaintiff must have filed his complaint within either: (1) two years from the date he knew or had reason to know of the injury which is the basis of his claim; or (2) if he has been incarcerated for the entire period since the events alleged in the Amended Complaint occurred, within a reasonable period from the effective date of the repeal of the conditional tolling provision, whichever is later. *TwoRivers*, 174 F.3d at 995-996.

Although Arizona tolling provisions apply to minors, the statute of limitations begins to run once the complainant becomes eighteen. Plaintiff herein indicates that only the claims arising from 1982 to 1983 occurred during his minor status. Thus, although Plaintiff does not indicate the date of his eighteenth birthday, the record is clear that he had attained the age of eighteen by January 4, 1986 given his statement that claims arising as of January 5, 1986 occurred after he had reached the age of majority. Resolving in Plaintiff's favor the benefit of any doubt as to when he turned eighteen, the analysis herein assumes that Plaintiff's claims arising from October 27, 1982 through March 24, 1983 were tolled due to his minor status

---

[2]"Under former section 12-502, prisoners whose claims accrued while incarcerated were entitled to tolling until the prisoner knew or had reason to know that he or she had a right to file suit. By contrast, the amended section 12-502 deletes this provision for prisoners and subjects them to the same rules as most other section 1983 plaintiffs." *TwoRivers,* 174 F.3d at 992; *see also current* A.R.S. § 12-502 ("If a person entitled to bring an action other than those set forth in article 2 of this chapter [section 12-521, *et. seq.*] is at the time the cause of action accrues either under eighteen years of age or of unsound mind, the period of such disability shall not be deemed a portion of the period limited for commencement of the action. Such person shall have the same time after removal of the disability which is allowed to others." )

until January 4, 1986. Such claims would then fall within the now-repealed tolling provision for prisoners and are subject to the analysis set forth below.

While, the instant record is not entirely clear as to the precise dates of Plaintiff's incarceration as an adult, the record is clear that Plaintiff's action is untimely even if he had been incarcerated during the entire time from 1986 to 1996. Had Plaintiff been incarcerated for that entire period, he was required to file his complaint within a reasonable period from the effective date of the repeal of the tolling provision. *TwoRivers*, 174 F.3d at 995-996. On the instant facts, such a reasonable period would not entail more than the full two years provided by the statute of limitations for initially filing a complaint. *Compare TwoRivers*, 174 F.3d at 996 ("a time period of less than three months [after repeal of the tolling provision] does not constitute a reasonable time for a prisoner to file suit.") *with Fink v. Shedler,* 192 F.3d 911 (9th Cir. 1999) (affirming dismissal on statute of limitations grounds where prisoner had almost two years to file suit after amendment of tolling provision). The tolling provision was repealed as of July 20, 1996. Therefore, to be timely, Plaintiff would have had to file his complaint no later than July 20, 1998. Plaintiff commenced this action on May 17, 2004– considerably more than two years after the tolling provision was repealed.

Plaintiff asserts that inmates at the old Pinal County Jail were retaliated against if they spoke "out on any issue" and they had no access to legal materials "to even begin looking into the constitutional violations that were accruing." (Plaintiff's Response to Order, pp. 2-3) Plaintiff asserts that in November 2003, he learned about a settlement in a civil action filed by others regarding conditions of confinement at the old Pinal County Jail. Therefore, he contends that he "only knew of the injury on or about November of 2003." (Id. at p.4) Plaintiff's argument is unavailing given the repeal of the Arizona tolling provision for prisoners. Plaintiff indicates that he was last incarcerated at the old Pinal County Jail in March 1996. Thus, as of July 20, 1996–the date the repeal took effect–Plaintiff was well aware of the conditions of confinement which constitute the gravamen of the instant action. *See Fink,* 192 F.3d at 91 (9th Cir. 1999) (inmate's Eighth Amendment claims accrued on the date when he knew or should have known of the injury which formed the basis of the cause

of action–which was the date on which the prison doctor allegedly failed to properly treat plaintiff's injured leg); *Lee v. United States,* 809 F.2d 1406, 1410 (9th Cir. 1987) (plaintiff's claims accrued as soon as he either became aware or should have become aware "of the existence of and source of his injury, not when he knows or should know that the injury constitutes a legal wrong.  A different rule would require insufficient diligence on the part of potential claimants.")  In light of the repeal of A.R.S. §12-502's tolling provision for prisoners, as discussed *supra* at pp. 4-5, a generous calculation of the statute of limitations applicable herein reflects that Plaintiff had until July 20, 1998 to file an action arising from his incarceration at the old Pinal County Jail.  Plaintiff failed to file the instant action within that time.  Thus, Plaintiff's action herein, filed more than five years after expiration of the statute of limitations, is untimely. Because the expiration of the statute of limitations is clear from the face of the pleadings, dismissal of the instant action for failure to state a claim is appropriate.  *Franklin,* 745 F.2d at 1228-1229.

### III.  RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss Plaintiff's Amended Complaint and this action for failure to state a claim.

Pursuant to 28 U.S.C. §636(B), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CV 04-1205-PHX-FJM**.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

The Clerk of Court is directed to send a copy of this Report and Recommendation to the parties and/or their counsel.

DATED this 13th day of October, 2006.

_____
Héctor C. Estrada
United States Magistrate Judge