1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT
7             FOR THE DISTRICT OF ARIZONA
8
9   Kenneth Ray Barnett,                     )    No. CV-04-1205-PHX-FJM
                                             )
10              Plaintiff,                    )    **ORDER**
                                             )
11  vs.                                       )
                                             )
12                                            )
    Pinal County Administration, et al.,      )
13                                            )
                Defendants.                   )
14                                            )
                                             )
15  _____)
16
17          The court has before it the Report and Recommendation of the United States
18  Magistrate Judge (doc. 21) and plaintiff's objections thereto (doc. 24).  For the following
19  reasons, we accept the recommendation of the Magistrate Judge within the meaning of Rule
20  72(b), Fed. R. Civ. P.
21          Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court is required to dismiss an in forma
22  pauperis case at any time if the plaintiff fails to state a claim upon which relief may be
23  granted.  Failure to state a claim includes circumstances where a defense, such as expiration
24  of the statute of limitations, is complete and obvious from the face of the pleadings.   See
25  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  In the absence of a waiver, the
26  court may raise the defense of statute of limitations sua sponte.  Levald, Inc. v. City of Palm
27  Desert, 998 F.2d 680, 687 (9th Cir. 1993), cert. denied, 510 U.S. 1093, 114 S. Ct. 924 (1994).
28

1          Plaintiff commenced this action on May 17, 2004, challenging his conditions of

2   confinement at the old Pinal County Jail from 1982 to 1983, and from 1986 to 1996.  The

3   Magistrate Judge concluded that applying Arizona's two-year statute of limitations and

4   relevant tolling provisions, plaintiff's cause of action accrued on July 20, 1996, and therefore

5   plaintiff was required to file his complaint no later than July 20, 1998.  Because plaintiff's

6   complaint was filed almost eight years after the cause of action accrued, the Magistrate Judge

7   now recommends dismissal of plaintiff's complaint.

8          Plaintiff challenges the Magistrate Judge's recommendation, arguing that he only

9   became aware of his "capability to assert his rights" in November 2003, when he learned of

10  litigation brought by other inmates involving conditions of confinement at the old Pinal

11  County Jail. Objections at 1.  He claims that it was only at this time that he "comprehend[ed]

12  the nature of his confinement." Id.  He therefore contends that the statute of limitations did

13  not begin to run until November 2003.  We disagree.

14         "Statutes of limitation . . . are triggered by claimants' knowledge of the transaction that

15  constituted the alleged violation, not by their knowledge of the law." Lee v. United States,

16  809 F.2d 1406, 1410 (9th Cir. 1987) (quotation omitted).  "A claim accrues as soon as a

17  potential claimant either is aware or should be aware of the existence of and source of his

18  injury, not when he knows or should know that the injury constitutes a legal wrong." Id. at

19  1410 (citing United States v. Kubrick, 444 U.S. 111, 123, 100 S. Ct. 352, 360 (1979) (a cause

20  of action accrues when a claimant is "armed with the facts about the harm done to him")).

21         Plaintiff was last incarcerated at the old Pinal County Jail in March 1996.  He was

22  necessarily aware of the conditions of his confinement that constitute the gravamen of his

23  complaint by this time.  We agree with the Magistrate Judge's conclusion that plaintiff's

24  complaint, filed on May 17, 2004, more than eight years after he was last incarcerated at the

25  old Pinal County Jail, was well outside the two-year statute of limitations period.

26

27

28

We accept the recommended decision of the United States Magistrate Judge within the meaning of Rule 72(b), Fed. R. Civ. P.  Accordingly, **IT IS ORDERED DISMISSING** this action with prejudice.

DATED this 13th day of November, 2006.


_____
Frederick J. Martone
United States District Judge